IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JP MORGAN CHASE BANK, NA.,
SERVICER FOR WELLS FARGO BANK,
N.A.,AS TRUSTEE FOR STRUCTURED
ASSET SECURITIES CORPORATION,
MORTGAGE PASS-THROUGH
CERTIFICATES. SERIES 2005-NC2,;
SELECT PORTFOLIO SERVICING, INC.,
SERVICER OF US BANK NATIONAL
ASSOCIATION, AS TRUSTEE, ON
BEHALF OF THE HOLDERS OF THE
ASSET BACKED PASS-THROUGH
CERTIFICATES, SERIES NC 2005-HE4                              PLAINTIFFS

v.                                           CAUSE NO.: 1:15-cv-40-SA-DAS

ERIC HALLBERG AND
CAPPE HALLBERG                                                DEFENDANTS

MEMORANDUM OPINION

Plaintiffs seek a summary adjudication of the claim brought in this declaratory judgment action. In particular the Plaintiffs seek reformation of an assignment of a deed of trust.

*Factual and Procedural Background*

Defendants obtained two loans from New Century Mortgage Corporation for $132,000 and $33,000. The first loan for $132,000 was recorded in Book 2005, Page 2958, Oktibbeha County, Mississippi records. The second loan for $33,000 was recorded in Book 2005, Page 2979. To secure repayment of the loans, Defendants executed a Deed of Trust for each loan. Two assignments for the Deeds of Trust were then prepared by New Century Mortgage. The Second Assignment was notarized on March 4, 2005. There are two problems with the Second Assignment. First, the Second Assignment does not clearly specify who the Deed of Trust is being assigned to. The assignee section was originally left blank and then a star was written in by

hand and footnoted with the name of US National Bank Association. Second, the Second Assignment specifies the note being transferred to be for the sum of $33,000 but list the relevant recordation as Book 2005, Page 2958. However, Book 2005, Page 2958 is the location of the $132,000 loan and not the $33,000.

A Deed of Release was then issued for the Deed of Trust from the contested assignment on September 20, 2006. The Deed of Release contained the same monetary sum and recordation information as the Second Assignment. The Defendants made monthly payments on the $132,000 note to Plaintiff from 2005-2009.

*Summary Judgment Standard*

Plaintiffs seek to reform the deed to conform to their original intent and seek summary judgment on the grounds that there is no genuine dispute over the original intent of the deed. Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S. Ct. 2548. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Id.*

*Analysis and Discussion*

Under Mississippi law, reformation is justified in only two instances: (1) where there is a mutual mistake of the parties; and (2) where there is a mistake on the part of one party and fraud or inequitable conduct on the part of the other. *Johnson v. Cons. Am. Life Ins. Co.*, 244 So.2d 400, 402 (Miss. 1971). Defendants claim that reformation is justified based on a "scrivener's error." A "scrivener's error" is a "typographical error." Scrivener's Error, *Black's Law Dictionary* (9th ed. 2006). A scrivener error can be a basis for reformation. *See In re Estate of Summerlin,* 989 So. 2d 466, 480 (Miss. Ct. App. 2008). "[B]efore the reformation of a written contract is warranted, it must be shown that the scrivener's product reflects something other than what was understood by both parties. Under the 'doctrine of scrivener's error,' the mistake of a scrivener in drafting a document may be reformed based upon parol evidence, provided the evidence is clear, precise, convincing and of most satisfactory character that the mistake has occurred and that the mistake does not reflect the intent of the parties." *Employers Mut. Cas. Co. v. Normmurray Springs Bottled Water Co. Inc.*, 2011 WL 902032 (N.D.Miss. Mar. 14, 2011) quoting 66 Am.Jur.2d Reformation of Instruments § 19). A mistake which will justify reformation must be in the drafting of the instrument, not in the making of the contract. *Johnson*, 244 So. 2d at 402. "The party seeking reformation has the burden of proving mutual mistake, and must prove the facts and circumstances warranting reformation by clear and convincing evidence*. GeoSouthern Energy Corp. v. Chesapeake Operating Inc.*, 274 F.3d 1017, 1021 (5th Cir. 2001).

Here, the Plaintiffs have failed to establish by clear and convincing evidence the intention of the parties involved with respect to the Second Deed of Trust Assignment. The Plaintiff claims "New Century Mortgage Corporation and Trustee U.S. Bank intended that the Second

3

Deed of Trust Assignment would assign the Second Deed of Trust securing the [Defendants] loan obligation in the amount of $33,000, which is the original principal amount of the Second Promissory Note and Second Deed of Trust." However, the Plaintiffs have failed to provide evidence of the parties' intention at the time the Second Deed of Trust Assignment was created. Therefore, summary judgment is denied because Plaintiff has failed to provide evidence that there is no genuine issue of material fact. However, in reformation claims, parol-evidence is admissible to prove mutual mistake and may be presented during the further course of this litigation. *Travelers Indem. Co. v. Calvert Fire Ins. Co.*, 789 F.2d 826, 835 (5th Cir. 1986).

Furthermore, Defendants dispute Plaintiff Chase's role with respect to the Second Deed of Assignment. Defendants claim that Chase has not presented evidence of its role as either holder or servicer of the Promissory Note and Deed of Trust at issue. As evidence Defendants point to the claimed suspicious nature of the Second Assignment's assignee section. Plaintiff Chase presents the Defendants payments to Plaintiff on the First Promissory Note and a declaration pursuant to Rule 56(c)(4) as evidence of its ownership of the Promissory Note and Deed of Trust. Here, the Court denies summary judgment because both parties have submitted contradictory facts and they must be resolved in favor of the non-movant.[1]

*Conclusion*

Therefore, for all these reasons, the Court denies summary judgment on the Plaintiff's reformation claim. This case will proceed to trial for further development of the record.

---

[1] Select Portfolio Servicing, Inc. filed a "Notice" [34] and attached a multi-page affidavit for the Court's consideration on summary judgment. Because the Notice and Affidavit were filed out of time, and without Court authorization, that information was not considered. Defendants' Motion to Strike [35] is GRANTED.

SO ORDERED, this the 5th day of August, 2016.

                                                **/s/ Sharion Aycock**
                                                **U.S. DISTRICT JUDGE**